UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,     )<br>                                                             )<br>          Plaintiff,                         )<br>                                                             )<br>V.                                                        )<br>                                                             )<br>PHILLIP G. CHAMPION,             )<br>                                                             )<br>          Defendant.                      ) | Criminal No. 7-cr-35-3-GFVT<br>Related Civil No. 13-cv-7327-GFVT-CJS<br><br><br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court pending review of the Report and Recommendation of United States Magistrate Judge Candace J. Smith [R. 420] filed on December 31, 2015. Consistent with local practice, the Magistrate's Report and Recommendation addresses Champion's writ of habeas corpus under 28 U.S.C. § 2255. Before issuing her Recommendation, Judge Smith considered the underlying record, Champion's § 2255 petition, and the Government's response. Champion requested, and was granted, an extension of time to file a reply brief, but he ultimately failed to do so.

Judge Smith's Report and Recommendation concludes that Defendant Champion is not entitled to the relief sought. Specifically, Judge Smith found Champion did not satisfy his requisite burden of proof that his attorney provided ineffective assistance of counsel. She determined Champion was not denied counsel at a critical stage in the proceedings, and she found his counsel did not commit fraud on the Court. In light of her conclusions, Judge Smith also recommended the Court deny a certificate of appealability. Judge Smith's Recommendation advises the parties that any objections must be filed within fourteen (14) days of service, or a

party waives the right to further appeal. [*Id*. at 26.]. As of this date, neither Champion nor the Government has filed objections or sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has considered the record, and it ultimately agrees with the Magistrate Judge's Recommended Disposition. Furthermore, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Champion's § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1.  The Magistrate's Recommended Disposition [R. 420] as to Phillip G. Champion is **ADOPTED** as and for the Opinion of the Court;

2.  Champion's petition [R. 396] is **DENIED;**

3.  A Certificate of Appealability is **DENIED**; and

4.  **JUDGMENT** is entered in favor of the United States and Civil No. 13-cv-7327-GFVT-CJS will be **STRICKEN** from the Court's active docket.

This 2nd day of February, 2016.

Gregory F. Van Tatenhove
United States District Judge